Daniels, J.
The complaint is upon judgments recovered in the supreme court in the city ef Hew York, and in justices courts of the town of Haverstraw in the county of Rockland, and in the town of Clarkstown of the same county. The objection stated by the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. By this demurrer no particular cause of action or judgment has been singled out, as legally incapable of being maintained as a ground of action by the plaintiff,, but it is general that no cause of action is presented by the complaint.
The plaintiff has brought the action as the assignee of the judgments, and not being an original party to the actions in which they were recovered, she has not been precluded by section 1913 of the Code of Civil Procedure from maintaining an action upon the judgments without first securing leave of the court to commence and prosecute it. One of the grounds taken in support of the demurrer is that the action, in part at least, has been barred by the statute of limitations. But this obj ection cannot be taken by demurrer. For by section 413 of the Code of Civil Procedure it has been provided, that the objection that the action has not been commenced within the time limited, can be taken only by answer.
Furthermore the action has been commenced on the judgments in the supreme court within the time provided by law, for they were not recovered earlier than the year Í876, while the action was commenced in January, 1886, and as the plaintiff is entitled to maintain the suit upon these judgments certainly, even if she may fail as to those recovered in courts not of record, her complaint does contain facts sufficient to constitute a cause of action.
If there are defenses to either of these judgments they *43 must be interposed by wa y of answer. The judgment should be affirmed, with liberty to the defendant to answer in twenty days, on payment of the costs of the demurrer, and the costs and disbursements of the appeal.
Brady and Bartlett, JJ., concur.